1  SCOTT SCHOOLS
   ~~KEVIN V. RYAN~~ (CSBN 118321)
   United States Attorney
2  450 Golden Gate Ave (11ᵗʰ Floor)
   San Francisco, CA 94102
3  Telephone: (415) 436-7200

4  Attorneys for the United States

FILED
OCT - 2 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,           )   CRIMINAL NO. 07-70586 RS
                                    )
        Plaintiff,                  )
                                    )   NOTICE OF PROCEEDINGS ON
    v.                              )   OUT-OF-DISTRICT CRIMINAL
                                    )   CHARGES PURSUANT TO RULES
Joseph Gonzalez                     )   5(c)(2) AND (3) OF THE FEDERAL RULES
                                    )   OF CRIMINAL PROCEDURE
        Defendant.                  )
                                    )

    Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on 10/2/07, the above-named defendant was arrested based upon an arrest warrant (copy attached) issued upon an

☒ Indictment    ☐ Information    ☐ Criminal Complaint    ☐ Other _____

pending in the Eastern District of Pennsylvania, Case Number 07-578.

In that case, the defendant is charged with a violation(s) of Title(s) 21 United States Code, Section(s) 841(a)(1), (b)(1)(A); 21 USC 846

Description of Charges: Conspiracy to distribute Methamphetamine

Respectfully Submitted,
~~KEVIN V. RYAN~~ SCOTT SCHOOLS
UNITED STATES ATTORNEY

_____
Assistant U.S. Attorney

Date: 10/2/07

1

**Filed Under Seal**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO.: 07-578 |
| v. : | DATE FILED: 09/19/07 |
| JOSEPH GONZALEZ : | VIOLATIONS: 21 U.S.C. § 846 |
| DAVID HOPKINS : | (conspiracy to distribute |
| : | methamphetamine – 1 count) |
| : | Notice of forfeiture |

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. From at least in or about February 2006, through on or about October 26, 2006, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendants

**JOSEPH GONZALEZ and
DAVID HOPKINS**

conspired and agreed, together with Russell Carter and Brian Stabell, charged elsewhere, and with others known and unknown to the grand jury, knowingly and intentionally to distribute 500 grams or more, that is, approximately 6 kilograms, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

### MANNER AND MEANS

It was a part of the conspiracy that:

2. Defendants JOSEPH GONZALEZ and DAVID HOPKINS were members of a drug distribution network that obtained methamphetamine in bulk quantities and shipped it

in interstate commerce from California to, among other places, West Virginia and Delaware, for retail distribution in Chester County, Pennsylvania and other locations.

3. Defendant JOSEPH GONZALEZ, who resided in San Jose, California, obtained bulk quantities of methamphetamine. He distributed this methamphetamine in quantities up to multiple pounds to Russell Carter. On occasion, Carter obtained this methamphetamine in person and other times defendant GONZALEZ sent the methamphetamine to Carter by Express Mail or Federal Express.

4. Russell Carter paid defendant JOSEPH GONZALEZ for the bulk methamphetamine by check, by wire, by bank transfer or in cash. Some of these payments were in person and others were by wire transfer or package delivery service.

5. Russell Carter repackaged and redistributed the methamphetamine to his customers and/or arranged with defendant JOSEPH GONZALEZ to ship methamphetamine directly to customers of his such as defendant DAVID HOPKINS.

6. Brian Stabell worked for Russell Carter as a courier. In this capacity, he picked up shipments of methamphetamine that had been shipped to Carter, made deliveries of methamphetamine to Carter's customers in the Eastern District of Pennsylvania and elsewhere, and collected payments from customers of Russell Carter. Sometimes Brian Stabell turned the proceeds he had collected over to Russell Carter and other times he sent proceeds of sales of methamphetamine directly to defendant JOSEPH GONZALEZ.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, defendants JOSEPH GONZALEZ and DAVID HOPKINS committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1. On or about May 24, 2006, defendant DAVID HOPKINS placed a telephone call to Russell Carter on a mobile telephone number subscribed to by Carter in San Jose, California.

2. On or about June 22, 2006, defendant JOSEPH GONZALEZ cashed check number 1009 in the amount of $3,500 made payable to defendant GONZALEZ as payment for methamphetamine sold to Russell Carter by defendant GONZALEZ.

3. On or about June 22, 2006, defendant JOSEPH GONZALEZ cashed check number 1010 in the amount of $3,500, made payable to defendant GONZALEZ as payment for methamphetamine sold to Russell Carter by defendant GONZALEZ.

4. On or about July 19, 2006, defendant JOSEPH GONZALEZ signed for a Federal Express package sent to him by Russell Carter enclosing payment for methamphetamine sold to Russell Carter by defendant GONZALEZ.

5. On or about July 31, 2006, defendant JOSEPH GONZALEZ sent a federal express package containing methamphetamine to defendant DAVID HOPKINS in Bridgeport, West Virginia.

6. On or about October 2, 2006, Russell Carter possessed, inside a rented car that Carter had left at the Philadelphia Airport, in excess of 450 grams of methamphetamine that had been supplied by defendant JOSEPH GONZALEZ.

All in violation of Title 21, United States Code, Section 846.

## NOTICE OF FORFEITURE

THE GRAND JURY FURTHER CHARGES THAT:

1. As a result of the violation of Title 21, United States Code, Section 846, set forth in this indictment, defendants

GOSEPH GONZALEZ and
DAVID HOPKINS

shall forfeit to the United States of America:

(a) any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of such offenses, including, but not limited to, the sums of $3,500, $3,500, $3,500 and $3,500, representing the proceeds of checks and the sums of $3,000, $5,000, $5,000, $5,000, $5,000, $1,400, $2,000, $2,400, $2,600, 2,000, and $2,000 representing the proceeds of Western Union transfers.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL:

_____
FOREPERSON

_____
PATRICK L. MEEHAN
United States Attorney

5